CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X
CLAUDIA CORNEJO, *individually and on*
*behalf of others similarly situated,*

|                                          |                                                    |
|------------------------------------------|----------------------------------------------------|
|              *Plaintiff*, | **COMPLAINT** |
|                                          |                                                    |
|   -against-                    | **COLLECTIVE ACTION UNDER** |
|                                          | **29 U.S.C. § 216(b)** |
| 51 FRESH BAKERY INC. (D/B/A              |                                                    |
| TALAVERA CAFE), MARIO ESPINOZA,          | **ECF Case** |
| and VICENTE ROMERO,                      |                                                    |
|                                          |                                                    |
|        *Defendants.* |                                                    |

------------------------------------------------------X

       Plaintiff Claudia Cornejo ("Plaintiff Cornejo" or "Ms. Cornejo"), individually and on behalf of others similarly situated, by and through her attorneys, CSM Legal, P.C., upon her knowledge and belief, and as against 51 Fresh Bakery Inc. (d/b/a Talavera Cafe), ("Defendant Corporation"), Mario Espinoza and Vicente Romero, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

     1.    Plaintiff Cornejo is a former employee of Defendants 51 Fresh Bakery Inc. (d/b/a Talavera Cafe), Mario Espinoza, and Vicente Romero.

     2.    Defendants own, operate, or control a bakery, located at 50-17 Skillman Ave, Woodside, NY 11377 under the name "Talavera Cafe".

3.     Upon information and belief, individual Defendants Mario Espinoza and Vicente Romero, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the bakery as a joint or unified enterprise.

4.     Plaintiff Cornejo was employed as a cashier and a server at the bakery located at 50-17 Skillman Ave, Woodside, NY 11377.

5.     At all times relevant to this Complaint, Plaintiff Cornejo worked for Defendants without appropriate minimum wage compensation for the hours that she worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cornejo appropriately for any hours worked, either at the straight rate of pay.

7.     Regardless, at all relevant times, Defendants paid Plaintiff Cornejo at a rate that was lower than the required tip-credit rate.

8.     Defendants' conduct extended beyond Plaintiff Cornejo to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cornejo and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

10.     Plaintiff Cornejo now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Cornejo seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cornejo's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bakery located in this district. Further, Plaintiff Cornejo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Claudia Cornejo ("Plaintiff Cornejo" or "Ms. Cornejo") is an adult individual residing in Queens County, New York.

15.     Plaintiff Cornejo was employed by Defendants at Talavera Cafe from approximately April 2017 until on or about August 2022.

16.     Plaintiff Cornejo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a bakery, located at 50-17 Skillman Ave, Woodside, NY 11377 under the name "Talavera Cafe".

18.     Upon information and belief, 51 Fresh Bakery Inc. (d/b/a Talavera Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 50-17 Skillman Ave, Woodside, NY 11377.

19.     Defendant Mario Espinoza is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mario Espinoza is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mario Espinoza possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cornejo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Vicente Romero is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vicente Romero is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Vicente Romero possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cornejo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a bakery located in the Sunnyside Gardens section of Queens in New York City.

22.     Individual Defendants, Mario Espinoza and Vicente Romero, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Cornejo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cornejo, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Cornejo (and all similarly situated employees) and are Plaintiff Cornejo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Cornejo and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Mario Espinoza and Vicente Romero operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Cornejo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cornejo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cornejo's services.

29.    In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the bakery on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Cornejo is a former employee of Defendants who was employed as a cashier and a server.

32.     Plaintiff Cornejo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Claudia Cornejo*

33.     Plaintiff Cornejo was employed by Defendants from approximately April 2017 until on or about August 2022.

34.     Defendants employed Plaintiff Cornejo as a cashier and a server.

35.     Plaintiff Cornejo regularly handled goods in interstate commerce, such as bakery goods and other supplies produced outside the State of New York.

36.     Plaintiff Cornejo's work duties required neither discretion nor independent judgment.

37.     From approximately April 2017 until on or about December 2018, Plaintiff Cornejo worked from approximately 7:00 a.m. until on or about 2:00 p.m., 3 days a week (typically 21 to 23.25 hours per week).

38.     From approximately April 2019 until on or about February 2020, Plaintiff Cornejo worked from approximately 7:00 a.m. until on or about 2:00 p.m., 3 days a week (typically 21 to 23.25 hours per week).

39.     From approximately June 2020 until on or about August 2022, Plaintiff Cornejo worked from approximately 7:00 a.m. until on or about 2:00 p.m., 2 days a week (typically 14 to 15.5 hours per week).

40.     Throughout her employment, Defendants paid Plaintiff Cornejo her wages in cash.

41.     From approximately April 2017 until on or about June 2022, Defendants paid Plaintiff Cornejo $9.00 per hour.

42.     From approximately July 2022 until on or about August 2022, Defendants paid Plaintiff Cornejo $10.00 per hour.

43.     Plaintiff Cornejo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

44.     For example, Defendants required Plaintiff Cornejo to work an additional 30 minutes before and 10 to 15 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

45.     Defendants never granted Plaintiff Cornejo any breaks or meal periods of any kind.

46.     Plaintiff Cornejo was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cornejo regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Cornejo an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Cornejo, in English and in Spanish (Plaintiff Cornejo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cornejo (and all similarly situated employees) to work without paying her appropriate minimum wage as required by federal and state laws.

51.     Plaintiff Cornejo was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

52.     Defendants' pay practices resulted in Plaintiff Cornejo not receiving payment for all her hours worked, and resulted in Plaintiff Cornejo's effective rate of pay falling below the required minimum wage rate.

53.     Defendants habitually required Plaintiff Cornejo to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

54.      Plaintiff Cornejo and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

55.     In violation of federal and state law as codified above, Defendants classified. Plaintiff Cornejo and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

56.     Defendants failed to inform Plaintiff Cornejo who received tips that Defendants intended to take a deduction against Plaintiff Cornejo's earned wages for tip income, as required by the NYLL before any deduction may be taken.

57.     Defendants failed to inform Plaintiff Cornejo who received tips, that her tips were being credited towards the payment of the minimum wage.

58.     Defendants failed to maintain a record of tips earned by Plaintiff Cornejo who worked as a server for the tips she received. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59.     Defendants paid Plaintiff Cornejo her wages in cash.

60.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cornejo (and similarly situated individuals) worked, and to avoid paying Plaintiff Cornejo properly for her full hours worked.

62.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cornejo and other similarly situated former workers.

64.     Defendants failed to provide Plaintiff Cornejo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65.     Defendants failed to provide Plaintiff Cornejo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66.     Plaintiff Cornejo brings her FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67.     At all relevant times, Plaintiff Cornejo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

68.     The claims of Plaintiff Cornejo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69.     Plaintiff Cornejo repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff Cornejo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cornejo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73.     Defendants failed to pay Plaintiff Cornejo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74.     Defendants' failure to pay Plaintiff Cornejo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Cornejo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76.      Plaintiff Cornejo repeats and realleges all paragraphs above as though fully set forth herein.

77.      At all times relevant to this action, Defendants were Plaintiff Cornejo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Cornejo, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

78.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cornejo less than the minimum wage.

79.      Defendants' failure to pay Plaintiff Cornejo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80.      Plaintiff Cornejo was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

81.      Plaintiff Cornejo repeats and realleges all paragraphs above as though fully set forth herein.

82.      Defendants failed to provide Plaintiff Cornejo with a written notice, in English and in Spanish (Plaintiff Cornejo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

83.    Defendants are liable to Plaintiff Cornejo in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

84.    Plaintiff Cornejo repeats and realleges all paragraphs above as though fully set forth herein.

85.    With each payment of wages, Defendants failed to provide Plaintiff Cornejo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

86.    Defendants are liable to Plaintiff Cornejo in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cornejo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cornejo and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cornejo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cornejo and the FLSA Class members;

(e)     Awarding Plaintiff Cornejo and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Cornejo and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cornejo;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cornejo's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Cornejo;

(j)     Awarding Plaintiff Cornejo damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Cornejo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Cornejo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Cornejo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Cornejo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cornejo demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 11, 2022

CSM LEGAL, P.C

By:  _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

September 14, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                   Claudia Lizeth Cornejo Santos

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                    14 de Septiembre 2022

*Certified as a minority-owned business in the State of New York*